# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. MEIER, ) | |
| ) | Civil Action No. 10-262 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Fischer |
| ) | Chief Magistrate Judge Lenihan |
| LAW OFFICES OF WELTMAN, ) | |
| WEINBERG & REIS CO., L.P.A. ) | |
| ) | ECF Nos. 16 & 22 |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment filed by Plaintiff, Joseph R. Meier ("Debtor" or "Plaintiff") at ECF No. 22 be denied, and the Motion for Summary Judgment filed by Defendant, Law Offices of Weltman, Weinberg & Reis Co., L.P.A. ("Debt Collector" or "Defendant") at ECF No. 16 be granted.

**II.  REPORT**

  A. RELEVANT FACTS

Presently before the Court are the parties' cross motions for summary judgment. Plaintiff filed the above captioned complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq.* Plaintiff's claims arise from the following events.

  November 24, 2008 Civil Complaint

On November 24, 2008, Defendant filed a Civil Complaint in the Court of Common Pleas of Allegheny County ("state court") against Plaintiff for an alleged consumer credit card

debt owed to Capital One Bank. Defendant claimed that the credit card had a current balance due of $3,197.04 as of October 15, 2008, but did not state the date the account went into default. Further, Defendant did not attach a copy of the signed credit agreement, a statement of account including charges and payments made on the account, or documentation concerning the amount of interest and collection fees charged. The only writing attached to the state court complaint was a copy of an October 15, 2008 billing statement. The state court complaint prayed for the stated amount "with continuing interest at the rate of 5.900% per annum on the unpaid balance from October 15, 2008 plus costs." There is no record evidence reflecting that the Debtor contested the fact, or amount of, the debt at this time.

Plaintiff Debtor did not respond to the state court complaint. Consequently, a default judgment was entered against Plaintiff on January 23, 2009 in the amount of $3,248.71. The Praecipe for Default Judgment filed by the Debt Collector in state court listed the amount claimed in the state court complaint,[1] plus the interest at the credit contract rate calculated from October 15, 2008 through January 22, 2009, the day before the default judgment was filed in state court.

### February 13, 2009 Civil Complaint

On February 13, 2009, Defendant filed a second Civil Complaint in state court against Plaintiff for an alleged second consumer credit card debt owed to Capital One Bank. Defendant claimed that the credit card had a current balance due of $1,345.51 as of December 18, 2008, but did not state the date the account went into default. Again, Defendant did not attach to the state

---

[1] The amount prayed for in the state court complaint included the principal amount due, plus interest calculated as of October 15, 2008. Defendant submits the Affidavit of Eileen Bitterman, Esq., Compliance Officer for Defendant, that based upon her personal knowledge as Compliance Officer and her personal review of the business records kept in the ordinary course of business, Capital One Bank "electronically loads its collection accounts with a particular date that the interest is current through. It is this particular date from which the interest is calculated so that a duplication of interest is avoided." (ECF No. 27-1.)

2

court complaint a copy of the signed credit agreement, a statement of account including charges and payments made on the account, or documentation concerning the amount of interest and collection fees charged. The state court complaint prayed for the stated amount "with continuing interest at the rate of 28.100% per annum from December 18, 2008 plus costs." There is no record evidence reflecting that the Debtor contested the fact, or amount of, the debt at this time.

### March 10, 2009 collection letter from Defendant to Plaintiff

Defendant sent Plaintiff a letter dated March 10, 2009, advising Plaintiff that the balance due on the February 13, 2009 Civil Complaint was $1,582.27, approximately $240.00 more that the amount indicated in the February 13, 2009 Complaint. A representative from Defendant Debt Collector stated that "[he] would like to work with [Plaintiff Debtor] towards the resolution of this lawsuit without the necessity of trial." Defendant Debt Collector included a toll free phone number. There is no record evidence reflecting that the Debtor contested the fact, or amount of the debt at this time, or that he responded to the Debt Collector's request to work towards a resolution of the debt. Thereafter, on April 15, 2009, default judgment was entered against Plaintiff in the amount of $1,432.18 on the February 13, 2009 Complaint.

### April 30, 2009 collection letter from Defendant to Plaintiff

On April 30, 2009 Defendant sent a letter to Plaintiff stating that the "Current Judgment Amount" was $3,500.02, which, according to Plaintiff, was a misrepresentation of the actual January 23, 2009 default judgment amount of $3,248.71 entered on the November 24, 2008 Complaint.

### July 7, 2009 collection letter from Defendant to Plaintiff

On July 7, 2009, Defendant sent a letter to Plaintiff stating that the "Current Judgment Amount" was $1,657.22, which, according to Plaintiff, was a misrepresentation of the actual

3

April 15, 2009 default judgment amount of $1,432.18 entered on the February 13, 2009 Complaint.

In the federal Complaint, Plaintiff avers that Defendant violated the following sections of the FDCPA:

1) 15 U.S.C. § 1692e in allegedly using false, deceptive or misleading representations or means in connection with the collection of a debt;

2) 15 U.S.C. § 1692e(2) in allegedly falsely representing the character, amount, or legal status of any debt;

3) 15 U.S.C. § 1692e(10) in allegedly using false representations or deceptive means to collect or attempt to collect any debt; and

4) 15 U.S.C. § 1692f in allegedly using unfair or unconscionable means to collect or attempt to collect any debt.

Plaintiff seeks a declaratory judgment that Defendant's conduct violated the Act. He also seeks compensatory damages[2], statutory damages[3], and attorneys' fees and litigation costs.[4]

B.  LEGAL STANDARD

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who

---

[2] Actual damages under the FDCPA are recognized to include damages for emotional distress as well as out-of-pocket expenses. *See e.g. Chiverton v. Fed. Fin. Group, Inc.*, 399 F. Supp.2d 96 (D. Conn. 2005); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991) (noting that actual damages under the FDCPA include those for humiliation, embarrassment, mental anguish and emotional distress). *See* 15 U.S.C. § 1692k(a)(1).
[3] Statutory damages are limited to $1,000 for each violation. 15 U.S.C. § 1692k(a)(2)(A).
[4] 15 U.S.C. § 1692k(a)(3).

fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non- movant's burden of proof. Id. Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by *Matsushita* Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby*, Inc., 477 U.S. 242, 248 (1986). In Anderson, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Id. at 249-50 (internal citations omitted). The non-movant cannot rely solely on unsupported assertions or conclusory allegations. *Anderson*, 477 U.S. at 249.

Here, the parties have filed cross motions for summary judgment. Plaintiff argues that it is entitled to judgment as a matter of law because Defendant violated § 1692e(2) when it misrepresented the character, amount, or legal status of the debts as follows: 1) the November 24, 2008 state complaint requested a lesser amount than the subsequent default judgment dated January 23, 2009 and included no supporting documentation; 2) the April 30, 2009 letter from

5

Defendant to Plaintiff reflected a different amount owed by Plaintiff;[5] 3) the December 18, 2008 state court complaint on the second debt requested a lesser amount than the subsequent default judgment dated April 15, 2009 and included no supporting documentation; 4) the letter dated March 10, 2009 requested a lesser amount due than the July 7, 2009 letter concerning the debt at issue in the second state court complaint. Plaintiff further contends that Defendant violated § 1692e (10) when it misrepresented the amounts due by failing to itemize those amounts and explaining how they increased over time. Finally, Plaintiff contends that Defendant violated § 1692f when it used unfair or unconscionable means to attempt to collect on the debts in drafting unfair and unclear pleadings and collection letters.

Defendant argues that it is entitled to judgment as a matter of law for the following reasons: 1) Plaintiff's claims are time barred;[6] 2) supporting documentation is not required to be attached to collection complaints as a matter of law; 3) Defendant's inclusion of the language "current amount due" or "current judgment amount" accurately reflects the amount due on the date of each letter and is not deceptive as a matter of law; and 4) Pennsylvania state statutes and the terms of the cardholder agreement further authorize statutory interest and collection costs.

ANALYSIS

In *Brown v. Card Service Center,* the United States Court of Appeals for the Third Circuit discussed the background and purpose of the FDCPA. 464 F.3d 450, 453-54 (3d Cir. 2006). The court of appeals indicated that Congress enacted the statute in 1977 after considering the "'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by

---

[5] In his Memorandum in Support of Motion for Summary Judgment, Plaintiff directs the Court to the March 10, 2009 letter, but discusses the substance of the April 30, 2009 letter. (ECF No. 20 at 8.) The Court assumes that Plaintiff intended to direct the Court to the April 30, 2009 letter.
[6] Because the Court recommends that Defendant's Motion for Summary Judgment be granted on the FDCPA claims, the Court will not discuss Defendant's arguments concerning the statute of limitations.

many debt collectors.'" 464 F.3d at 453 (quoting 15 U.S.C. § 1692(a)). "A significant purpose of the Act is not only to eliminate abusive practices by debt collectors, but 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Id.* (quoting 15 U.S.C. § 1692(e)).

The court of appeals in *Brown* further noted that the FDCPA is a remedial statute and therefore, must be construed broadly "so as to effect its purpose." *Id.* (citing *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002), and *Stroh v. Director, OWCP,* 810 F.2d 61, 63 (3d Cir. 1987)). Drawing on the observations of the Second Circuit Court of Appeals, the *Brown* court concluded that "any lender-debtor communications potentially giving rise to claims under the FDCPA, . . ., should be analyzed from the perspective of the least sophisticated debtor." *Id.* at 453-54 (discussing *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993)). With regard to the "least sophisticated debtor standard," the Third Circuit Court of Appeals noted as follows:

> The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. . . . This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices. However, while the least sophisticated debtor standard protects naïve consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."

*Id.* at 454 (citations and footnote omitted). The least sophisticated debtor is not "tied to the very last rung on the intelligence or sophistication ladder." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quotation and alteration omitted).

7

The parties do not dispute that Plaintiff is a consumer,[7] that Defendant is a debt collector,[8] and that Plaintiff's obligations are debts,[9] as these terms are defined by the Act.

Absence of Substantiating Documentation

Plaintiff contends that because the two state court complaints contained no supporting documentation, i.e. the credit contract and/or monthly statements, Defendant misrepresented the amounts it sought to recover. The United States District Court for the Western District of Pennsylvania has recently stated that the failure to provide documentation substantiating a debt does not constitute the use of unfair means to collect the debt. In *Popson v. Galloway,* the court dismissed plaintiff's complaint for failure to state a claim where the plaintiff alleged that defendant debt collector violated three sections of the FDCPA, including §§ 1692e and 1692f. *Popson*, No. 10-cv-77E, 2010 WL 2985945 (W.D. Pa. July 27, 2010) (Cohill, J.). The debtor alleged that the debt collector attached an unsigned, unverified computer printout to the state court complaint that established the amount of the alleged debt, but did not attach a copy of the credit card agreement, or other documentation detailing purchases, payments, interest and late charges. The debt collector proceeded with the state court action without this supporting documentation. Plaintiff contended that the debt collector's failure to attach this documentation violated § 1692e(2) and § 1692e(10) of the Act. The *Popson* court disagreed, and dismissed these claims finding that the FDCPA imposes no obligation on the debt collector to attach documentation to a state court collection complaint substantiating the amount of the debt.

---

[7] "Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt." 15 U.S.C. § 1692a(3).
[8] "Debt collectors" are defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
[9] "Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

*Popson,* No. 10-cv-77E, 2010 WL 2985945, at *6-7. Similarly, the court found that defendant debt collector did not violate § 1692f of the Act in that the debt collector's actions in failing to attach substantiating documentation did not constitute the use of unfair or unconscionable means to collect or attempt to collect the debt. *Popson,* No. 10-cv-77E, 2010 WL 2985945, at *7.

Similarly, in *Clark v. Unifund CCR Partners,* the United States District Court for the Western District of Pennsylvania dismissed a complaint alleging false, deceptive or misleading representations under §§ 1692e, 1692e(2) and 1692e(10) where the underlying state court collection complaint did not include substantiating documentation. No. 07cv0266, 2007 WL 1258113 (W.D. Pa. April 30, 2007) (Schwab, J.). The *Clark* court, in finding plaintiff's claim insufficient under the FDCPA as a matter of law, was guided by the following:

> "However, filing a [state court debt collection] lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. [The FDCPA Plaintiff] does not allege that anything in the state court complaint was false, or that the complaint was baseless. She essentially alleges that more of a paper trail should have been in the lawyer's hands or attached to the [state court] complaint. The FDCPA imposes no such obligation."

*Clark*, No. 07cv0266, 2007 WL 1258113, at*4 (quoting *Deere v. Javitch,* 413 F. Supp.2d 886, 891 (S.D. Ohio 2006)). *See also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006) (filing a state court collection action without substantiating documentation not deceptive under § 1692e), *discussed in*, *Popson*, No. 10-cv-77E, 2010 WL 2985945, at *5-6, and *Clark*, No. 07cv0266, 2007 WL 1258113, at *3.

Here, Plaintiff's claim that Defendant debt collector failed to attach the credit contract and/or monthly statements must fail as a matter of law. Plaintiff is not alleging that the amounts

9

claimed in the state court complaints are false, only that the complaints should have been accompanied by "more of a paper trail." *See Deere*, 413 F. Supp.2d at 891. The law is clear that the FDCPA imposes no such obligation. Consequently, Plaintiff's motion for summary judgment on this issue should be denied, and Defendant's Motion granted.

Inconsistent Amounts in State Court Complaints and Subsequent Default Judgments

Plaintiff further alleges that Defendant misrepresented the debts when it failed to explain why the amounts claimed in the state court complaints increased in the respective default judgments.

Here, Defendant's state court complaints clearly stated the current balance due, that interest would continue to run on the unpaid balance at the rate specified in the respective credit contracts, and that costs would also be due. Consequently, when Plaintiff failed to respond to the state court complaints, and default judgments were entered, the judgments included interest on the respective accounts that continued to run until judgment. Further, the record does not reflect that Plaintiff ever attempted to open the default judgments. Instead, the increased amounts contained in the respective default judgments reflect the current balance due at the time of the filing of the complaints, plus the interest accrued at the respective credit contract rates specified in the complaints, calculated until the entering of the default judgments. The law is clear that even the least sophisticated debtor knows that interest continues to accrue until payment is made, or as in this case, default judgment entered when Plaintiff failed to respond to the state court complaints. *See Pifko v. CCB Credit Servs., Inc.,* No. 09-CV-3057, 2010 WL 2771832, at *3-4 (E.D.N.Y. July 7, 2010) (citing *Weiss v. Zwicker & Assocs.,* 664 F. Supp.2d 214, 217 (E.D.N.Y. 2009) ("[T]here is nothing confusing or misleading about the increased amount of debt stated in

10

the . . . [l]etter as even the most unsophisticated consumer would understand that credit card debt accrues interest.")); *Beasley v. Sessoms & Rogers,* No. 5:09-CV-43-D, 2010 WL 1980083, at*5 (E.D.N.C. March 1, 2010) ("Even the 'least sophisticated debtor' understands that a debt may continue to accrue interest.") (citing *Williams v. OSI Educ. Servs., Inc.,* 505 F.3d 675, 678-79 (7th Cir. 2007); *Taylor v. Cavalry Inc., L.L.C.,* 365 F.3d 572, 575 (7TH Cir. 2004)).

Consequently, Plaintiff's Motion for Summary Judgment on this issue should be denied, and Defendant's Motion granted.

<u>Inconsistencies Between Default Judgment Amounts and Correspondence from Defendant to Plaintiff</u>

Plaintiff further contends that inconsistencies between the default judgment amounts and correspondence from Defendant to Plaintiff misrepresented the amount of the debts because the correspondence amounts are greater than the amounts of the default judgments.

First, Plaintiff directs the Court to the dunning letter[10] dated April 30, 2009 wherein the Defendant indicated that the "current judgment amount" was $3,500.02.[11] Plaintiff contends that he was confused by the letter because it was for "roughly $300 more just two months later[,]" that is, for more than the default judgment amount of $3, 248.71. Plaintiff also argues that he was further confused because the language "current judgment amount" implied that the amount owed could change. (ECF No. 20 at 8.)

Plaintiff also directs the Court to two letters related to the debt that was the subject of the second state court complaint in the amount of $1,345.51. Plaintiff points out that a March 10, 2009 letter indicated that the stated balance due was $1,582.27. In this letter, Defendant

---

[10] Dunning letters are demands for payment. *See* Black's Law Dictionary 518 (7th ed. 1999) (defining "dun" as "[t]o demand payment from (a delinquent debtor)).
[11] In Plaintiff's Memorandum in Support of Summary Judgment at ECF No. 20 at 8, Plaintiff mistakenly states that the date of this letter is March 10, 2009.

indicates to Plaintiff that "I would like to work with you towards the resolution of this lawsuit without the necessity of trial. Please call toll free at [] to discuss this case." (ECF No. 1-1 at 18.) The record does not reflect whether Plaintiff responded to Defendant's March 10, 2009 letter. Default judgment was entered, however, on April 15, 2009 for $1,432.18.[12] Thereafter, Plaintiff directs the Court to the July 7, 2009 dunning letter and argues that it states a different amount, $1,657.22, as the "current judgment amount." (ECF No. 1-1 at 22.) The July 7, 2009 dunning letter is identical to the April 30, 2009 dunning letter discussed above except for the date, file number, and current judgment amounts because it related to the second credit card debt.

In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.,* the United States Court of Appeals for the Seventh Circuit provided guidance to debt collectors in communicating the "amount of debt" to a debtor in a dunning letter. 214 F.3d 872, 875-76 (7th Cir. 2000). In reversing the district court's grant of summary judgment in favor of defendant debt collector, the court of appeals noted that the debt collector only stated the amount of the unpaid principal balance and not the unpaid interest, or other charges in the dunning letter. *Id.* at 875. The court then continued its discussion of what could have been stated in the dunning letter that would not have violated the FDCPA:

> What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this.
> . . .
> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive

---

[12] The default judgment amount was for less than the amount stated in the March 10, 2009 letter because judgments in the Court of Common Pleas of Allegheny County, Civil Division, do not include costs in the judgment entries. *See* Local Rules for the Court of Common Pleas of Allegheny County, Civil Division, Local Rule 253(2).

> your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800[phone number]. A debt collector who uses this form will not violate the "amount of the debt" provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation). . . . Of course, we do not hold that a debt collector *must* use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due.

*Id.* at 876 (citations omitted) (emphasis in original). *See also Sanchez v. United Collection Bureau, Inc.,* 649 F. Supp.2d 1374, 1379-80 (N.D. Ga. 2009) (collection letter must state the full amount due as of the date of letter). *Cf. Pickard v. Lerch,* No. 1:03CV1688-LJM-WTL, 2005 W. 1259629 (S.D. Ind. 2005) (letter violated FDCPA when amount demanded included principal only and not interest); *Taylor v. Heath W. Williams, L.L.C.,* 510 F. Supp.2d 1206 (N.D. Ga. 2007) (debtor stated claim pursuant to FDCPA where collection letter stated amount due that was factually inaccurate, and where collection letter falsely stated that a previous letter had been sent).

Defendant's April 30, 2009, and July 7, 2009 dunning letters here state the "current judgment amounts" which include the default judgment amounts, the post judgment interest at the statutory rate, and costs. The letters further demand that the current judgment amounts be received by the Defendant debt collector within 14 days. The letters indicate that if the debtor does not respond, the defendant may proceed with further legal action for the full amounts due plus additional interest and costs. The letters also indicate that if Plaintiff does not pay the full amount within 14 days, he may contact Defendant's "office to set up satisfactory payment arrangements. Please let us hear from you." (April 30, and July 7, 2009 dunning letters, ECF No. 1-1 at 21 & 22.)

13

The Court finds, as a matter of law, that Defendant's letters comply with the *Miller* court's suggested language so as not to violate the FDCPA. They stated precisely the current amount due on the date of the letter including the default judgment amounts, post judgment interest at the statutory rate, and costs. Plaintiff has failed to come forward with evidence to demonstrate that the "current amounts due" as stated, are inaccurate. That is, Plaintiff has directed the Court to no evidence (pleadings,[13] depositions, answers to interrogatories, admissions on file, or affidavits) to show that Defendant's calculations are incorrect.[14] Conversely, Defendant has come forward with the sworn statement of William Molczan verifying that based upon his personal review of the business records kept in the ordinary course of business, "the praecipes, complaints, letters and journal entries contain true and accurate amounts of the credit card debts due and owing as of the date of each document regarding Mr. Meier's underlying Capital One collection accounts" in issue. (ECF. No. 39-1 at 1.) Therefore, the Court finds as a matter of law, that Defendant's letters do not violate the FDCPA. Relatedly, the Court finds no merit to Plaintiff's argument that Defendant violated the FDCPA by failing to itemize the amounts due and how they increased over time. Consequently, Plaintiff's Motion for Summary Judgment on this issue should be denied, and Defendant's Motion granted.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion for Summary Judgment filed by Plaintiff at ECF No. 22 be denied, and the Motion for Summary Judgment filed by Defendant at ECF No. 16 be granted.

---

[13] Fed. R. Civ. P. 7 (a) limits the pleadings to a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint and answer thereto, and if so ordered by the court, a reply to an answer.

[14] The Court acknowledges the various calculations submitted by Plaintiff's attorney in the briefing, but the Court may not consider counsel's unsupported assertions. *Anderson*, 477 U.S. at 249.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rules of Court, the parties shall have fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: May 5, 2011                                  BY THE COURT:


   s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

All Counsel of Record
Via Electronic Mail